# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

**November 29, 2016**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**JUDITH B. LUND,**
**Claimant Below, Petitioner**

**vs.)    No. 15-1172** (BOR Appeal No. 2050534)
           (Claim No. 2013033034)

**B.E. AEROSPACE, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Judith B. Lund, by J. Robert Weaver, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. B.E. Aerospace, Inc., by Kathrine H. Arritt and Jeffery B. Brannon, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 4, 2015, in which the Board affirmed a May 18, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 19, 2014, decision to deny a reopening of the claim for temporary total disability benefits.[1] The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Lund, a float builder for B.E. Aerospace, Inc., injured her right knee on April 22, 2013, while trying to free a stuck drawer. Ms. Lund completed a report of injury on April 29,

---

[1] The Office of Judges also affirmed a June 11, 2014, decision of the claims administrator to deny a request for a referral for an orthopedic consultation. The June 11, 2014, decision was not appealed to this Court. The petitioner only seeks to reopen the claim for temporary total disability benefits from April 29, 2013, through May 28, 2014.

1

2013, alleging that she sustained a right knee contusion and sprain. The claims administrator rejected the claim, but its decision was reversed by the Office of Judges on January 23, 2014. In the Order, the Office of Judges found the claim was compensable on a no-lost-time basis for a right knee contusion.

On February 10, 2014, Ms. Lund's healthcare provider wrote a work excuse indicating that Ms. Lund was not to return to work until she had undergone an MRI. Ms. Lund complained of right knee pain, although no swelling was noted. Her healthcare provider characterized her condition as slowly deteriorating. The healthcare provider prescribed steroids and cold compresses. Ms. Lund petitioned to reopen the claim for temporary total disability benefits on April 28, 2014. The physician's portion of the application was signed by J. Copley, PA-C, who diagnosed chronic knee pain. He alleged that the progression or aggravation of Ms. Lund's condition was increased pain, increased crepitus, and decreased activity. He represented that Ms. Lund had been temporarily and totally disabled from April 29, 2013, through May 28, 2014.

The claims administrator denied Ms. Lund's request to reopen the claim for temporary total disability benefits on May 19, 2014. A May 22, 2014, MRI was interpreted as revealing minimal joint effusion, attenuation of the patellar cartilage, and a small Baker's cyst. The examination was negative for a ligamentous tear and the menisci were deemed unremarkable. On June 11, 2014, the claims administrator denied Ms. Lund's request for an orthopedic consultation.[2]

Ms. Lund was deposed on January 14, 2015, and testified that she had suffered from knee pain with burning and swelling with any activity. She noted that she saw Mr. Copley every other month. He did not prescribe a physical therapy program for her and she indicated that she had not seen an orthopedist for evaluation. Ms. Lund represented that she had been released to return to work on a light duty basis on June 14, 2014; however, she had been unable to secure employment. After she was released to return to work, she began to receive unemployment benefits. She stated that she took prescription strength ibuprofen for her symptoms and has received Toradol injections.

The Office of Judges determined that it was proper to not award temporary total disability benefits. The Office of Judges determined that the record did not contain any anatomical reason for Ms. Lund's complaints of chronic knee pain. The Office of Judges referenced the April 29, 2014, x-ray that was unremarkable and the May 22, 2014, MRI which revealed minimal joint effusion, attenuation of the patellar cartilage, and a small Baker's cyst. The Office of Judges concluded that diagnostic testing failed to identify a ligamentous tear with the cruciate ligaments and menisci being found intact. The Office of Judges found in the claim reopening application for temporary total disability benefits, the medical provider indicated Ms. Lund's chronic knee pain, burning sensation and swelling with activity are justification for the reopening request. The medical provider listed chronic knee pain as the diagnosis, which the Office of Judges concluded was not a compensable diagnosis under this claim. Because the Office of Judges could not link

---

[2] This decision was not appealed.

the chronic knee pain with the compensable injury, it concluded that the request to reopen the claim for additional temporary total disability benefits as properly denied.

After review, we agree with the Office of Judges and Board of Review. Ms. Lund did not submit sufficient evidence to show that her no-lost-time knee contusion was somehow connected to her chronic knee issues, which in turn caused her to miss work. Because there is not a sufficient connection between her compensable injury and her inability to work, the Office of Judges and Board of Review were correct in rejecting her reopening request for temporary total disability benefits.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 29, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II